**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PHOENIX TRAFFIC SERVICE, LLP, | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV 05-1685 PHX MEA |
| KNIGHT TRANSPORTATION, INC., | ) MEMORANDUM AND ORDER |
| Defendant. | ) |

All of the parties have now consented to the exercise of magistrate judge jurisdiction over this case, including the entry of final judgment. Before the Court is Defendant's motion for leave to file an amended answer to the complaint (Docket No. 13).

**Background**

On April 14, 2005, Plaintiff filed a complaint in the Maricopa County Superior Court seeking damages and attorneys' fees for Defendant's alleged breach of a contract between the parties for interstate freight shipments. See Docket No. 1, Attach. A.[1] On June 6, 2005, Defendant filed a Notice of

---

[1] Plaintiff sues as the assignee of contracts with Defendant. Plaintiff alleges that the assignor mistakenly paid Defendant upon receipt of invoices, which invoices billed for services at a greater price than agreed upon in the contract. The amount of the alleged overcharges is $27,418.51, as regards 105 shipments, with claims dated from August 27, 2003, through January 6, 2005. See Docket No. 1, Attach. A (Maricopa County Superior Court Complaint, Attach.).

Removal, asserting federal jurisdiction over the dispute is proper because federal law and regulations, inter alia, the Interstate Commerce Act, govern contracts regarding interstate freight shipment overcharges. See id.

Defendant filed their answer to the complaint on June 10, 2005, asserting the affirmative defenses of failure to state a claim upon which relief may be granted, the applicable statute of limitations, accord and satisfaction, estoppel, waiver, laches, and payment and release. See Docket No. 2. Defendant reserved "the right to amend this Answer at a later time to assert any matter constituting an avoidance or affirmative defense." Id.

The parties conducted a planning meeting pursuant to Rule 26(f), Federal Rules of Civil Procedure, and filed a joint case management report, in which Defendant averred it intended to assert a statute of limitations defense, in addition to accord and satisfaction, estoppel, waiver, laches, and payment and release, and the allegation that Defendant did not over-charge for the provision of services. See Docket No. 8. A telephonic scheduling conference was conducted with counsel for the parties and a scheduling order was issued on September 16, 2005, requiring that motions to amend the pleadings be filed by October 15, 2005. See Docket No. 9. On December 19, 2005, Defendant filed a motion for leave to file an amended answer, pursuant to Rule 15, Federal Rules of Civil Procedure, seeking to amend its answer to include the affirmative defenses of setoff and recoupment. See Docket No. 18. Defendant avers that it was not aware of the basis for this defense until after the

answer was filed. Id. at 2.

Plaintiff opposes Defendant's motion to amend, contending that Defendant voluntarily chose not to include this affirmative defense in its answer and that Defendant knew or should have known of the availability of this defense as early as December of 2003 and as recently as September 26, 2005, the deadline for initial disclosure. Docket No. 16. Plaintiff further contends that Defendant's supplemental disclosure statement, filed December 15, 2005, indicates that all but five of Defendant's alleged setoff claims are time-barred. Id.

The Court notes that, pursuant to the stipulation of the parties, the current deadline for completing discovery in this matter is March 16, 2006.

**Analysis**

Rule 15(a), Federal Rules of Civil Procedure, provides that the parties should be given leave to amend their pleadings when justice so requires. Rule 15(a) of the Federal Rules of Civil Procedure provides that parties may amend their pleadings "by leave of the court," and such leave "shall be freely given when justice so requires." Amendments should be granted unless the court finds an inordinate measure of undue delay, dilatory motive, futility, or undue prejudice. See BayBank Conn., N.A. v. Kravitz, 170 F.R.D. 343, 344 (D. Mass. 1997). Granting or denying a motion to amend in this stage of civil proceedings is a matter left to the discretion of the Court. See, e.g., Flowers v. First Haw. Bank, 295 F.3d 966, 976 (9th Cir. 2002); Yakama Indian Nation v. Wash. Dep't of Revenue, 176 F.3d 1241, 1246 (9th Cir. 1999).

The Supreme Court has stated that the Court should consider the following factors when deciding whether to grant leave to amend:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

Prejudice is the "touchstone of the inquiry under rule 15(a)." See, e.g., Lone Star Ladies Inv. Club v. Schlotzsky's Inc., 238 F.3d 363, 368 (5th Cir. 2001). Undue delay, standing by itself, is an insufficient basis for denying a motion to amend a pleading. See, e.g., Resorts & Motel Advancement Dev. Agency, Ltd. v. Sloan, 160 F.R.D. 449, 451 (S.D.N.Y. 1995). Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a), Federal Rules of Civil Procedure, in favor of granting leave to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). See also Conley v. Gibson, 355 U.S. 41, 48, 78 S. Ct. 99, 103 (1957) ("(t)he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."). Prejudice, in this context, generally includes reopening discovery or forcing the Court to continue a trial or proceedings on a dispositive motion. See, e.g., National Liberty Corp. v. Wal-Mart Stores, Inc., 120 F.3d

913, 917 (8th Cir. 1997).

The Court concludes that, because discovery is on-going in this matter and, therefore, Plaintiff will not be prejudiced by Defendant's assertion of an additional affirmative defense, see Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002), the motion to amend should be allowed. See Grand Sheet Metal Prod. Co. v. Aetna Cas. & Sur. Co., 500 F. Supp. 904, 907-08 (D. Conn. 1980) (allowing amendment where the delay was attributable to the defendants' "cautious reluctance" to assert a defense until they were sure there was merit to the defense"). Additionally, there is no evidence before the Court of Defendant's undue delay, bad faith or dilatory motive in seeking to amend their answer. Compare Oxford Furniture Co., Inc. v. Drexel Heritage Furnishings, Inc., 984 F.2d 1118, 1124 (11th Cir. 1993) (upholding denial of motion to amend answer filed seven days before beginning of trial where the defendant offered no reason for delay in asserting statute of frauds defense); Barrett v. Foster Grant Co., 450 F.2d 1146, 1149 (1st Cir. 1971) (upholding the denial of the defendant's motion to amend the answer to add a novel defense more than a year after the answer had been filed); DiPirro v. United States, 181 F.R.D. 221, 223 (W.D.N.Y. 1998).

## Conclusion

Defendant has not unduly delayed in seeking to amend their answer and there is no evidence before the Court of dilatory motive or bad faith. The Court has concluded that, because discovery remains open in this matter, Plaintiff will not be prejudiced by the proposed amendment and, therefore,

-5-

1  pursuant to Rule 15, Federal Rules of Civil Procedure, the
2  motion to amend should be granted.

4  **THEREFORE, IT IS ORDERED THAT** Defendant's motion
5  (Docket No. 13) to file an amended answer is **GRANTED.** Defendant
6  shall file with the Court and serve on Plaintiff the amended
7  answer attached to Defendant's motion as Exhibit A.
8  DATED this 12th day of January, 2006.

_____
Mark E. Aspey
United States Magistrate Judge